UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TIMMY KINNER,

        Plaintiff,

v.                                                   Case No. 3:26-cv-759-JEP-MCR

FDOC SECRETARY, et al.,

        Defendants.

_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Timmy Kinner, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Complaint for Violation of Civil Rights ("**Complaint**," Doc. 1).[1] In the Complaint, Plaintiff appears to allege he has been denied his Kosher diet since arriving at Florida State Prison in 2022 and was on a hunger strike when he mailed his Complaint. (*See id.*).

The Prison Litigation Reform Act ("**PLRA**") amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

---

[1] Plaintiff moves to proceed as a pauper. (*See* Doc. 2).

be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

The Court takes judicial notice of other actions previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) *Kinner v. Tennessee*, No. 2:13-cv-2732-JDT-cgc, Doc. 12 (W.D. Tenn. Jan. 15, 2014) (dismissing the case for failure to state a claim and seeking monetary relief against a defendant who is immune from such relief); (2) *Kinner v. ADA Cnty. Prosecutor's Off.,* No. 1:21-cv-128-DCN, Doc. 15 (D. Idaho Sep. 14, 2021) (dismissing the case without prejudice for failure to state a claim); and (3) *Kinner v. FDOC Dir.,* No. 3:25-cv-92-WWB-SJH, Doc. 13 (M.D. Fla. Mar. 27, 2025) (dismissing the case without prejudice for failure to state a claim). Thus, Plaintiff is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). *See Kinner v. FDOC Sec'y,* No. 3:25-cv-366-MMH-LLL, Doc. 3 (M.D. Fla. Apr. 8, 2025).

Moreover, Plaintiff's allegations do not warrant the imminent danger exception to dismissal. Although Plaintiff alleges he was on a hunger strike, his Complaint, "as a whole," does not establish that he "was in imminent danger of serious physical injury at the time he filed his Complaint." *Brown v.*

2

*Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). Construing the allegations liberally, a threat of self-harm "is not encompassed within the statutory reference to 'imminent danger of serious bodily injury'," because "[i]f that were the case, virtually every prisoner plaintiff could make such a claim." *Washington v. Jones*, No. 3:23-cv-24756, 2023 WL 9604643, *1 (N.D. Fla. Dec. 26, 2023)[2] (citations omitted), *rep. & recommendation adopted*, 2024 WL 554138 (N.D. Fla. Feb. 12, 2023); *Morrill v. Holmes Cnty. Jail*, No. 5:15-cv-324-WTH-GRJ, 2018 WL 7082149, *9 (N.D. Fla. Jan. 30, 2018) (collecting cases that have held that "self-inflicted injuries by inmates in suicide attempts do not constitute 'physical injury' under the PLRA"), *rep. & recommendation adopted*, 2019 WL 280082 (N.D. Fla. Jan. 22, 2019); *see also Muhammad v. McDonough*, No. 3:06-cv-527-J-32TEM, 2006 WL 1640128, at *1 n.1 (M.D. Fla. June 9, 2006) ("[I]t is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA. To hold otherwise would eviscerate the rule." (citation omitted)).

---

[2] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022). In addition, although decisions of other district courts are not binding, they too may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Because Plaintiff has had three or more prior qualifying dismissals and his allegations do not warrant the imminent danger exception to dismissal, this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying $405.00 ($350.00 filing fee and $55.00 administrative fee).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      This case is **DISMISSED without prejudice**.

2.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of April, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-11
c:
Timmy Kinner, #F91538

4